(Reap. Dec. 8785)

ANDREW FISHER CYCLE CO., INC. v. UNITED STATES

Entry Nos. 720556; 725177 1/2.

(Decided April 18, 1957)

*Brooks & Brooks* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The question of the proper value for dutiable purposes of certain bicycles imported from Germany covered by the above-enumerated appeals for a reappraisement is before the court for determination.

The parties hereto have stipulated and agreed that said bicycles were appraised on the basis of statutory cost of production. It was further stipulated and agreed that the cost of materials and fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the involved merchandise which would ordinarily permit the manufacture or production thereof in the usual course of business, plus the usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise, plus the cost of all containers and coverings, and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, and plus an addition for profit (not less than 8 per centum of the costs of materials and fabrication or manipulation and general expenses) equal to the profit which ordinarily is added to the cost of merchandise of the same general character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind equals invoiced units (items X in red ink), plus cost of packing.

Upon the agreed facts of record, I find and hold that cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930 (19 U. S. C. § 1402 (f)), is the proper basis of value for the bicycles in issue and that said value is the invoiced units (items X in red ink), plus cost of packing.

Judgment will be entered accordingly.